UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT D. SANGO,

    Plaintiff,

v.

UNKNOWN FLRUEY,

    Defendant.

_____/

Case No. 2:20-cv-213

Hon. Hala Y. Jarbou

## ORDER

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  The case is best summarized in the April 30, 2021, Report and Recommendation (R&R) that is the subject of this order.  (ECF No. 19.)  Plaintiff Robert D. Sango is a prisoner in the Michigan Department of Corrections.  Defendant Unknown Flruey[1] moved for summary judgment on the affirmative defense that Sango failed to exhaust all available remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  For the reasons below, the Court will adopt the recommendation of the R&R.

### I. Background

    Because the R&R covers the relevant facts in greater detail, the Court will only recite the bare necessities here.

    Plaintiff Sango's claim in this lawsuit arises from an incident of alleged retaliation by Defendant Flruey.  Sango participated in a grievance interview with Assistant Deputy Warden (ADW) Mercier in September 2020.  At this interview, Sango implicated Flruey in a scheme to

---

[1] The complaint refers to Defendant as "Flruey." The correct spelling appears to be Fleury. (ECF No. 15, PageID.71.)

distribute drugs and alcohol, and an attempt "to give a prisoner a sheet of K-2 (worth $2000 or better in prison) to stab prisoners who write grievances and lawsuits on staff." (ECF No. 2, PageID.3 (parenthetical comment in original).) Sango says that when he went to breakfast on October 10, 2020, Flruey approached him and said "450 South Washington, Battle Creek, Michigan, I have people watching the bitch to take her to Wisconsin for a mock trial to cut her head off. You'll be dead . . . before she will." (*Id.*, Page.ID.4.) Sango explained that this was his mother's home address, and that Flruey's statement was retaliation for his filing civil actions against Flruey and others. (*Id.*)

## II. Standards

### A. Objections to Reports and Recommendations

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

### B. Summary Judgment

Summary judgment is appropriate when the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Courts must examine the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to determine whether there is a genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P 56(c)) (internal quotations omitted).  A fact is material if it "might affect the outcome of the

suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material fact is genuinely disputed when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249 (citing *First Nat'l Bank. of Ariz. v. City Serv. Co.*, 391 U.S. 253, 288-89 (1961)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party [by a preponderance of the evidence], there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *City Serv.*, 391 U.S. at 289).  In considering the facts, the Court must draw all inferences in the light most favorable to the nonmoving party. *Id.*  Summary judgment is not an opportunity for the Court to resolve factual disputes. *Anderson*, 477 U.S. at 249.

### C. Exhaustion of Administrative Remedies

Pursuant to the applicable portion of the PLRA, a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  "Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust'" one's administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007).

A prisoner's failure to exhaust available administrative remedies is an affirmative defense, which a defendant has the burden to plead and prove. *Jones*, 549 U.S. at 212-16.  The grievance process may be unavailable in rare circumstances, including "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S.___, 136 S. Ct. 1850, 1859-60 (2016).  If the grievance process is unavailable, a prisoner has no obligation under the PLRA to pursue that remedy before filing in federal court. *Id.*

3

### III. Analysis

Defendant objects to the magistrate judge's conclusion that Plaintiff may have lacked access to the grievance system and could therefore file his claim in this Court before pursuing administrative remedies.  Flruey correctly points out that "nonspecific allegations of fear . . . will not excuse a failure to exhaust administrative remedies." *Buffman v. United States*, No. 13-cv-14024, 2015 WL 71840, at *8 (E.D. Mich. Jan. 6, 2015) (citing *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 998 (6th Cir. 2004)).  However, the nonspecific allegations in *Buffman* referred to a unit manager's reputation for carrying out reprisals against other prisoners.  In this case, Sango alleges that Flruey specifically threatened to kill him and his mother due to his past lawsuits. (ECF No. 19, PageID.3.)  These allegations satisfy the *Boyd* standard.  The Court agrees with the magistrate judge's analysis that "because Sango has asserted allegations involving threats of physical harm and violence, he has 'satisf[ied] any reasonable definition of 'intimidation'' which arguably renders the grievance process unavailable." (ECF No. 19, PageID.125 (quoting *Sango v. Brandt*, No. 1:19-cv-58, 2020 WL 1814111, at *1).)

Defendant also argues that "[w]ithout any specific dates, there is no way for Flruey to assess and evaluate his claims against them, or to assess whether their conduct rendered the grievance process unavailable." (ECF No. 20, PageID.129.)  But Sango provides specific dates.  His verified complaint cites October 10, 2020 as the day of the alleged threat, and October 5, 2020 as the day Flruey searched Sango's cell and saw personal mail from Sango's family. (ECF No. 19, PageID.117.)

Flruey moved for summary judgment on the failure to exhaust defense, making it his burden to show that there was an absence of evidence to support the nonmoving party's case. *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Celotex Corp.*, 477 U.S. at 32).  Flruey has not addressed Sango's allegation. (ECF No. 19, PageID.125.)  Thus, unless

Flruey's alleged retaliation is "truly 'inconsequential,'" Sango's claim should survive a motion for summary judgment. *Does 8-10 v. Snyder*, 945 F.3d 951, 966–67 (6th Cir. 2019) (quoting *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002)). Sango asserts that Defendant Flruey specifically threatened him and his mother with physical violence and harm due to his past lawsuits. (ECF No. 19, PageID.3.) If true, this is more than "truly inconsequential" retaliation. *See, e.g., Does 8-10*, 945 F.3d at 967 (quoting *Bell*, 308 F.3d at 605) (finding relevant adverse action when prison officials twice shook down the plaintiff's cell and confiscated his legal papers and medical diet snacks). Therefore, there is a question of fact regarding whether the grievance process was available to Sango.

## IV. Conclusion

For the foregoing reasons, the Court concludes that the R&R correctly analyzes the issues and makes a sound recommendation. Accordingly:

**IT IS ORDERED** that the Report and Recommendation (ECF No. 19) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 15) is **DENIED**.

Dated:  May 25, 2021                    /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        UNITED STATES DISTRICT JUDGE