UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT D. SANGO #252200,

    Plaintiff,

v.

UNKNOWN FLRUEY,

    Defendant.
_____/

Case No.   2:20-cv-00213

Hon.   Hala Y. Jarbou
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

This Report and Recommendation (R&R) addresses the summary judgment motion filed by Defendant Corrections Officer (CO) Flruey (Fleury).   (ECF No. 32.)

The Plaintiff in this case – state prisoner Robert Sango – filed this civil rights action pursuant to 42 U.S.C. § 1983.   Sango alleges in his verified complaint that CO Fleury threatened to kill him and his mother after Sango implicated Fleury in distributing illegal drugs to prisoners.   (ECF No. 1.)

This Court, as in all cases filed by prisoners, screened this case under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), and determined that the allegations asserted were not frivolous based on the standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Sango was then granted leave to proceed *in forma pauperis*, and the case proceeded to early mediation until it was removed from mediation upon Defendant's request.   (ECF Nos. 5, 6, 7, and 10.)

Defendant moved for summary judgment alleging that Sango failed to exhaust his administrative remedies. (ECF No. 15.) The Court denied that motion finding that a genuine issue of fact existed on the issue of whether the grievance system was available to Sango before he filed this complaint. (ECF No. 21.)

Defendant now moves for summary judgment asking the Court to dismiss this case as frivolous because the allegations asserted by Sango are like allegations that he has asserted in other litigation against various COs, and because it appears that Sango simply repeated some of the allegations from the plot to kidnap Michigan Governor Gretchen Whitmer. (ECF Nos. 32 and 33.) Specifically, Defendant notes that Sango alleged that on October 10, 2020, Flruey told Sango that he (Flruey) would take Sango's mother to Wisconsin for a mock trial and execution. (*See* ECF No. 33, PageID.259 (brief in support of motion for summary judgment (citing Sango's complaint, ECF No. 2, PageID.4).) Defendant compares Sango's allegations to the story regarding the plot to kidnap Governor Whitmer that broke on October 8, 2020. (ECF No. 33, PageID.259.) Sango signed his civil complaint on October 12, 2020. (ECF No. 2, PageID.5.) Defendant notes Sango's long history of filing frivolous lawsuits (*id.*, PageID.256-58), asserts that the claims in this case are fantastical delusions that could not be true (*id.*, PageID.260), and moves for the Court to dismiss the case.

As noted, this Court has already determined that the factual allegations asserted in this case are not frivolous and are sufficient to state a claim against Defendant. The facts allege a case of retaliation – an alleged threat made against

2

Sango to stop him from pursing further grievances and litigation. Defendant raises a number of valid concerns about the instant case based on Sango's history and the temporal proximity of Sango's complaint to the news of the plot to kidnap Governor Whitmer. But Defendant has not provided the Court a reason to reconsider its prior screening decision and conclude that Sango's case is frivolous. Accordingly, it is respectfully recommended that the Court deny Defendant's motion for summary judgment.

## II. Factual Allegations

Sango asserts in his complaint that the alleged threat was a result of his action in reporting CO Fleury to Assistant Deputy Warden (ADW) Mercier during a grievance interview. Sango says he told ADW Mercier that Fleury and other COs were trying "to give a prisoner a sheet of K-2 (worth $2,000 or better in prison) to stab prisoners who write grievances and lawsuits on staff." (ECF No. 2, PageID.3 (parenthetical comment in original).) Sango also reported that "staff had a part in drugs and alcohol being sold and used in the unit." (*Id.*) He says that staff "cut it off after . . . the unit had a peaceful protest (hunger strike) to bring attention to staff violating [regulations COVID-19]." (*Id.* (parenthetical in original).) Sango says that Mercier could not provide him with any answer or explanation. (*Id.*)

Sango alleges that, on October 5, 2020, CO Fleury searched his cell and saw personal mail from his family. (*Id.*) Sango says that when he went to breakfast on October 10, 2020, Fleury followed him to the chow hall and said "450 South Washington, Battle Creek, Michigan, I have people watching the bitch to take her to

Wisconsin for a mock trial to cut her head off. You'll be dead (speaking of me) before she will." (*Id.*, PageID.4 (parenthetical in original).) Sango explained that this was his mother's home address. (*Id.*)

### III. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

### IV. Frivolous Complaint

Defendant moves to dismiss Sango's claim based upon the truth of allegations asserted not based solely on the allegations in this complaint, but when considered with Sango's litigation history of repeatedly making similar allegations against other defendants. Defendant argues when reading Sango's complaint with the multiple

4

other complaints that he has filed, it is apparent that his claims are based on fantasy and are frivolous.

Defendant correctly notes that an action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Id.*, at 327-28.

Furthermore, the Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The Court may dismiss a complaint at any time "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Tucker v. Haspel*, 2020 WL 7122084, *1 (E.D. Mich., Dec. 4, 2020) (citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

**V. Previous Litigation**

Sango is no stranger to federal litigation. He is an active litigant who has filed at least 56 cases in this district alone. (ECF No. 33-2.) Defendant points out that Sango repeatedly asserted a similar fact pattern of allegations in many of his

5

recent cases. (*See* ECF No. 33, PageID.258 (noting that Sango's cases "cases always involve[ ] officers threatening to hire hitmen to stab or kill Sango by paying them with drugs or threatening to have his mother raped by offering a reward").) Defendant argues that if the Court considers all of the similar factual allegations that Sango includes in each of his other complaints, the Court can conclude that this case is frivolous. In his brief (*id*, PageID.256-57), Defendant points to a number of cases, summarized below, that Sango filed in this Court. Defendant notes the commonality between the cases and argues that this provides a basis for concluding that the instant case is frivolous. (The current status of each case is noted in paratheses after the summary.)

    (1) In ***Sango v. Burt*, W.D. Mich. Case No. 1:19-cv-729**, Sango asserted that CO Maus told prisoners who are White Nationalists that if they stabbed Sango, he (CO Maus) would give them "10 Saboxa (drug)" strips as payment. (W.D. Mich. Case No. 1:19-cv-729, ECF No. 1, PageID.2.) (Sango's retaliation claim against CO Maus is set for trial. (W.D. Mich. Case No. 1:19-cv-729, ECF No. 76.))

    (2) In ***Sango v. Scheoder*, W.D. Mich. Case No. 2:21-cv-7**, Sango alleged that staff tried to find prisoners to stab or kill him. (W.D. Mich. Case No. 2:21-cv-7, ECF No. 1, PageID.3.) After Sango appealed a grievance decision against CO Olson, CO Olson allegedly tried to recruit prisoners to stab Sango. (*Id.*, PageID.5.) (That case was dismissed after Sango failed to pay the full filing fee. (W.D. Mich. Case No. 2:21-cv-7, ECF No. 11.))

(3) In ***Sango v. Bastion*, W.D. Mich. Case No. 2:15-cv-105**, Sango alleged that COs offered to pay prisoners to stab him, and to contact their friends to rape Sango's mother in return for a reward. (W.D. Mich. Case No. 2:15-cv-105, ECF No. 1, PageID.2-3.) (This case was partially dismissed on the merits except for the claims that Defendants tried to get other inmates to assault Sango in retaliation for filing grievances. (W.D. Mich. Case No. 2:15-cv-105, ECF No. 54.) The remainder of the case was dismissed for lack of prosecution. (*Id.*, ECF No. 60.))

(4) In ***Sango v. Brown*, W.D. Mich. Case No. 1:20-cv-72**, Sango says that he was approached by a group of prisoners who told him they would have someone stab him in the shower if did not stop filing civil lawsuits. (W.D. W.D. Mich. Case No. 1:20-cv-72, ECF No. 1, PageID.1.) (That case was dismissed after Sango failed to pay the full filing fee. (W.D. Mich. Case No. 1:20-cv-72, ECF No. 5.))

(5) In ***Sango v. LeClaire*, W.D. Mich. Case No. 2:15-cv-136**, Sango asserted that, in retaliation for filing litigation and grievances, the Defendants removed him from his religious diet, moved him from his cell, and that CO Bastian attempted to get a prisoner to stab him. (W.D. Mich. Case No. 2:15-cv-136, ECF No. 1, PageID.3.) (The case was dismissed due to Sango's failure to exhaust his administrative remedies. (W.D. Mich. Case No. 2:15-cv-136, ECF No. 30.) The Sixth Circuit Court of Appeals affirmed the dismissal. (*Id.*, ECF No. 37.))

(6) In *Sango v. Eubanks*, **W.D. Mich. Case No. 2:20-cv-160**, Sango alleged that COs were on a campaign to enforce every rule and he was getting harassed. (W.D. Mich. Case No. 2:20-cv-160, ECF No. 1.) Sango said that CO Eubanks told prisoners that he would not harass them if they "got me [Sango] gone." (*Id.*, PageID.3.) (This case was dismissed for failure to exhaust administrative grievance remedies (along with four other similar cases filed by Sango). (W.D. Mich. Case No. 2:20-cv-160, ECF No. 27.))

Although these cases certainly do contain common themes, none of the above cited cases was dismissed as frivolous. The dismissals were, instead, based upon the failure to pay the full filing fee, failure to prosecute, or failure to exhaust administrative remedies. One case – *Sango v. Burt*, W.D. Mich. Case No. 1:19-cv-729 – is currently set for trial.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). In making this assessment, the Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court has already decided that it would not dismiss Plaintiff's complaint for failure to state a claim.

Although Defendant has filed what he calls a motion for summary judgment, what he really requests is reconsideration of the Court's initial screening decision. The standards for reconsideration are necessarily high. The only grounds for a district court to grant a motion to reconsider are: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). In addition, Rule 7.4(a) of the Local Civil Rules provides:

> <u>Grounds</u> – Generally, and without restricting the discretion of the court, motions for reconsideration which merely present the same issues ruled upon by the court shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof.

W.D. Mich. LCivR 7.4(a).

In the opinion of the undersigned, the Court should decline Defendant's invitation to pierce the veil of the complaint's factual allegations and determine that they are wholly incredible or frivolous. To do so, the Court would have to reconsider its prior screening decision. Defendant argues that this case is simply a copy-cat case of the criminal case against several individuals who allegedly conspired to kidnap Michigan's Governor. Defendant reasonably asserts that Sango clearly was aware of the press regarding that case and used that as the factual basis for his claims. Defendant is correct that the case was frequently in the news. But, by the same token, Defendant would also be aware of the Governor Whitmer kidnapping case. And Sango's allegations relate a threat he claims was make by Defendant. The Court is fully aware of Sango's long litigation history and the common themes

9

that run through his claims. But, in the opinion of the undersigned, this Court cannot simply set aside an earlier screening opinion and dismiss the case as frivolous "based on a judge's disbelief of a complaint's factual allegations." *Neitzke*, 490 U.S. at 327.

## VI. Recommendation

It is respectfully recommended that the Court deny Defendant's motion for summary judgment.

Dated: July 11, 2022

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).